**LLOYD'S WINDOW PRODUCTS CO., Petitioner,**

v.

**DISTRICT OF COLUMBIA MINORITY BUSINESS OPPORTUNITY COMMISSION, Respondent.**

No. 89–1045.

District of Columbia Court of Appeals.

Argued Nov. 16, 1990.

Decided Nov. 29, 1990.*

Lloyd J. Pitts, pro se.

James C. McKay, Jr., Asst. Corp. Counsel, with whom Herbert O. Reid, Sr., Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Asst. Corp. Counsel, was on the brief, for respondent.

* The decision in this case was originally released as a memorandum Opinion and Judgment on November 29, 1990. It is now being published by direction of the court.

Before BELSON and FARRELL, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

Petitioner, Lloyd's Window Products Co. ("Lloyd's"), appeals from the Minority Business Opportunity Commission's ("MBOC") decision to deny Lloyd's application for recertification as a minority business enterprise on the ground that Lloyd's is not a "local business enterprise." Lloyd's contends (1) that the MBOC decision was not supported by substantial evidence, and (2) that the MBOC's regulations promulgated to determine eligibility were arbitrary, capricious, or manifestly contrary to the statute. Having reviewed the MBOC's decision under our limited scope of review, we affirm.

■■■ With respect to petitioner's first argument on appeal, we must determine: (1) whether the MBOC made findings of fact on all material contested issues; (2) whether substantial evidence supports the MBOC's findings; and (3) whether the MBOC's conclusion is rationally based upon those findings. *See George Washington University v. District of Columbia Board of Zoning Adjustment,* 429 A.2d 1342, 1345 (D.C.1981). First, it is not contested that the MBOC made findings on the six relevant factors, *see* 27 DCMR § 700.6 (1988). Second, in determining whether those findings are supported by substantial evidence, we must defer to the MBOC if it acted fairly and reasonably. *Liberty v. District of Columbia Police and Firemen's Retirement and Relief Board,* 452 A.2d 1187, 1189 (D.C.1982). We conclude that the MBOC's findings are supported by substantial evidence. Third, MBOC concluded that since Lloyd's failed to meet four out of six factors, Lloyd's should not be recertified. That result is reasonable and thus is accorded deference.

■■■ Petitioner also argues that MBOC's regulations should be invalidated. Regulations promulgated pursuant to a statute are valid unless they are arbitrary, capricious, or manifestly contrary to the statute. *See Chevron, U.S.A. v. Natural Resources*

*Defense Council,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984). The MBOC's regulations are none of these. Rather, they closely follow the statute. Accordingly, petitioner's argument lacks merit.

The decision on review is

*Affirmed.*